IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ERNEST F. HEFFNER, et. al, | : | No. 08cv990 |
| --- | --- | --- |
| Plaintiffs | : | |
| v. | : | Hon. John E. Jones III |
| DONALD J. MURPHY, et. al, | : | |
| Defendants. | : | |

**MEMORANDUM and ORDER**

**June 25, 2010**

# THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Currently pending before this Court is the motion of non-party Pennsylvania Funeral Directors Association ("PFDA") to intervene in the above-captioned action as a defendant. (Doc. 50) (the "Motion"). For the reasons that follow, the Motion will be denied.

## I. PROCEDURAL HISTORY

Plaintiffs[1] initiated the instant action by lodging a Complaint against the

---

[1] The named Plaintiffs are: Ernest F. Heffner; Harry C. Neel; Bart H. Cavanagh, Sr.; John Katora; Brian Leffler; Rebecca Ann Wessel; Mark Patrick Dougherty; Cynthia Lee Finney; Nathan Ray; Todd Eckert; Ben Blascovich; Matthew Morris; Greg Achenbach; Karen Eroh; William Pugh; William Sucharski; John McGee; Amber M. Scott; Arika Haas; Nicholas Wachter; David Halpate; Patrick Connell; Eugene Connell; Matthew Connell; James J. Connell, Jr.; Jefferson Memorial Park, Inc.; Jefferson Memorial Funeral Home, Inc.; Wellman Funeral Associates, Inc. d/b/a Forest Park Funeral Home; East Harrisburg Cemetery Company d/b/a East

1

Defendants[2] on May 20, 2008 alleging claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201 for deprivations of rights secured by the United States Constitution and the Pennsylvania Constitution. (Rec. Doc. 1). On July 25, 2008, the Defendants filed a Motion to Dismiss the complaint. We granted in part and denied in part that motion on December 22, 2009. (Doc. 32). On March 9, 2010, PFDA filed the instant Motion, seeking intervention as of right, or, alternatively, permissive intervention. Since the same has been fully briefed, it is ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide for two types of intervention, intervention as of right and permissive intervention. Federal Rule of Civil Procedure 24(a) contains the intervention as of right provision. It states,

> On timely motion, the court must permit anyone to intervene who: (i) is given an unconditional right to intervene by a federal statute; or (ii) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

---

Harrisburg Cemetery & Crematory; Robert Lomison; Craig Schwalm; Gregory J. Havrilla; and Betty Frey (collectively "Plaintiffs"). Achenbach, Eroh, and Pugh have been voluntarily dismissed from the case. (Doc. 52).

[2] The named Defendants are: Donald J. Murphy; Joseph A. Fluehr III; Michael J. Yeosock; Bennett Goldstein; James O. Pinkerton; Anthony Scarantino; Basil Merenda; Michael Gerdes; Peter Marks; and C.A.L. Shields (collectively "Defendants").

Fed. R. Civ. P. 24(a) ("Rule 24(a)"). A movant seeking intervention under Federal Rule of Civil Procedure 24(a)(2) must: (i) file a timely application for leave to intervene; (ii) identify a sufficient interest in the underlying litigation; (iii) demonstrate that the interest will be impaired or affected by the disposition of the underlying action; and (iv) establish that the existing parties to the action do not adequately represent its interests. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 221 (3d Cir. 2005) (the "*Liberty Mutual* Test") (citing *Kleissler v. United States Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998)). The applicant carries the burden of proving all four parts of the *Liberty Mutual* Test. *See United States v. Alcan Aluminum*, 25 F.3d 1174 n.9 (3d Cir. 1994).

Alternatively, a court *may* grant permissive intervention if a movant makes a timely motion and "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b) ("Rule 24(b)"). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), and must balance such against the potential benefits derived from intervention, *see Jones v. United Gas Improv. Corp.*, 69 F.R.D. 398, 401 (E.D. Pa. 1975). Courts have

denied permissive intervention when the interests of the potential intervenor are identical to the interests of entities already parties to the litigation, since intervention in such circumstances would be duplicative and superfluous and would not promote the efficient resolution of the case. *Kitzmiller v. Dover Area Sch. Dist.*, 388 F. Supp. 2d 484, 486 (M.D. Pa. 2005); *see also Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982) ("where, as here, the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue.'").

Regardless of the whether a non-party utilizes the mandatory or permissive mechanism for intervention, "A motion to intervene . . . must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

## III. FACTUAL BACKGROUND

The parties and the Court are intimately familiar with the facts undergirding the case at bar. Therefore, in an effort to conserve judicial resources, we shall only reference specific facts as they become relevant to the disposition of the pending Motion.

4

## IV. DISCUSSION

As aforementioned, PFDA seeks intervention as of right pursuant to Rule 24(a) or, alternatively, permissive intervention pursuant to Rule 24(b). We shall address the arguments related to these provisions *seriatim*.

### A. Intervention as of Right

As noted above, the *Liberty Mutual* Test governing intervention as of right is test comprised of four, conjunctive factors. *See Liberty Mut.*, 419 F.3d at 221 (requiring the proposed intervenor to: (i) file a timely application for leave to intervene; (ii) identify a sufficient interest in the underlying litigation; (iii) demonstrate that the interest will be impaired or affected by the disposition of the underlying action; and (iv) establish that the existing parties to the action do not adequately represent its interests). If any of these factors are wanting, intervention as of right is not appropriate. *See id.* For the following reasons, we believe that PFDA is not entitled to is not entitled to intervention as of right.

We begin our discussion with the second prong of the *Liberty Mutual* Test, which assesses a proposed intervenor's interest in the underlying litigation. "While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition, some general guidelines have emerged." *Mountaintop Condominium Assoc. v. David Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d

Cir. 1995) (citations omitted). According to the Supreme Court of the United States, an intervenor's putative interest must be "significantly protectable." *Donaldson v. Unites States*, 400 U.S. 517, 531 (1971). The Third Circuit has held that such an interest "must be a legal interest as distinguished from interests of general and indefinite character. * * * The [proposed intervenor] must demonstrate that there is a tangible threat to a legally cognizable interest . . . ." *Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir. 1987) (citations omitted); *see also Kleissler v. United States Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998) (Proposed intervenors must have "an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought."). Mere economic interests are insufficient to warrant intervention as of right. *See Alcan*, 25 F.3d at 1185.

At bottom, PFDA wishes to intervene as a defendant in the matter at bar in order to argue that the regulations promulgated by the Pennsylvania State Board of Funeral Directors are constitutional. (*See generally* PFDA's Proposed Answer, Doc. 70). In PFDA's own words, its interest is "substantial [and] difficult to dispute: the case [at bar] challenges the rules under which its members now operate their businesses and will likely determine what rules they will operate under in the near future." (Br. Supp., Doc. 53, p. 5). However, in assessing the sufficiency of

this putative interest, we believe it is important to recognize the nature of Plaintiffs' claims. In challenging the constitutionality of the regulations promulgated by the Pennsylvania State Board of Funeral Directors, Plaintiffs seek to remove allegedly unconstitutional barriers imposed upon the profession of funeral directing; they in no way seek to implement any restrictions upon that profession. (*See generally* Compl.). Accordingly, the success or failure of the action at bar will neither prevent PFDA's members from continuing to practice funeral directing as they currently do nor legally compel them to engage in any conduct that they do not wish to take. In sum, the action at bar will not restrict any right held by PFDA's members. Accordingly, we do not perceive how PFDA or its members possess a legally cognizable interest in the litigation presently before us.[3]

Further, and perhaps more significantly, even if PFDA did have a legally cognizable interest, there is no reason to believe that the current Defendants in this

---

[3] Indeed, it appears that the only legitimate interests articulated by PFDA are the business interests of its members, in that they will experience more vigorous competition in the marketplace if the allegedly unconstitutional regulations are invalidated. However, PFDA's members have no legally cognizable right to the business they fear losing to this increased competition. Accordingly, the business interests articulated by PFDA are merely economic in nature. As aforestated, such purely economic interests alone are insufficient to justify intervention as of right. *See Alcan*, 25 F.3d at 1185.

Further, to the extent that PFDA asserts that its members have a right to be heard on issues related to how their profession will be regulated, we do not believe that the same qualifies as a "significantly protectable interest" warranting intervention as of right. *See Kitzmiller v. Dover Area Sch. Dist.*, 229 F.R.D. 463, 466 (M.D. Pa. 2005) (While a proposed intervenor "may be quite concerned with the outcome of litigation," this concern alone "does not rise to the level of a significantly protectable interest in the litigation warranting intervention as a party.").

case would not adequately represent that interest. Indeed, representation is typically considered to be inadequate for any one of the following three reasons:

> (i) Although applicants' interests are similar to those of a party, they are sufficiently diverse that there is a risk that the existing party cannot or will not devote proper attention to the applicant's interest;
> (ii) There is collusion between the representative party and the opposing party; or
> (iii) The representative party has not been diligent in prosecuting the litigation;

*See Hoots*, 672 F.2d at 1135. Although the regulatory interests of PFDA and its members have not always been aligned with the regulatory interests of the current Defendants, as is demonstrated from the Defendants' brief in reply to the instant Motion (Doc. 60, pp 6-7), a review of Defendants' answer and PFDA's proposed answer reveal that their interests in the litigation *sub judice* are in fact unified. To wit, both entities seek to uphold the regulations currently governing the profession of funeral directing in Pennsylvania, and therefore vehemently oppose Plaintiffs' allegations. Consequently, since the interests of Defendants and PFDA in the instant litigation are identical, we do not believe that there is any risk that Defendants will not devote sufficient attention to the interests of PFDA.

Further, we are unpersuaded by PFDA's argument that its interest in the instant litigation is not adequately represented because Defendants have refused to

discuss the matter with them. (Doc. 53, p.6). Bluntly, so what? The fact that PFDA has not been afforded an opportunity to aid in the litigation of the case does not at all imply that its interests have not been adequately represented. Indeed, the mutual interests shared by Defendants and PFDA have been represented in this case in that Defendants have vigorously and tenaciously litigated a motion to dismiss and various discovery disputes that have arisen in this case. (*See* Docs. 11, 62, 65). The Court has intimately participated in numerous conferences designed to resolve the aforementioned discovery disputes, and have found Defendants' counsels' representation to be at all times zealous, professional, and entirely competent. Therefore, we believe that the afore-referenced facts belie any contention that Defendants' counsels' representation has lacked diligence.

In light of the above, and because the record is absolutely bereft of any allegation that Defendants and Plaintiffs are colluding to the disadvantage of PFDA, we conclude that Defendants' representation of PFDA's interest has been adequate throughout the litigation of the case at bar. Since PFDA cannot satisfy the interest or representation prongs of the *Liberty Mutual* Test, we shall deny its request for intervention as of right. We proceed to analyze PFDA's request for permissive intervention.

## B. Permissive Intervention

As stated above, a court *may* grant permissive intervention if the proposed intervenor makes a timely motion and "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In evaluating the applicability of permissive intervention, courts should consider whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation. *See Hoots*, 672 F.2d at 1136. The Third Circuit Court of Appeals has stated,"

> It is true that a denial of intervention as of right does not automatically mandate a denial of permissive intervention. Nevertheless, where, as here, the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be "undue."

*Id.*

As discussed above, we believe that the interests of the Defendants and PFDA in the case at bar are perfectly aligned. We have also determined that Defendant's representation of those mutual interests has been adequate and that there is no reason to suspect that this will change in the future. Accordingly, we

10

do not believe that PFDA's participation in the litigation at bar would add anything appreciable to the proceedings and would only cause undue delay. Consequently, pursuant to the aforementioned precedent, we shall deny PFDA's request for permissive intervention.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

1. PFDA's Motion to Intervene (Doc. 50) is **DENIED**.

/s/ John E. Jones III
John E. Jones III
United States District Judge