IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST F. HEFFNER, et. al, | : | No. 08-cv-990 |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DONALD J. MURPHY, et. al, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**August 22, 2012**

In accordance with the Memorandum issued on today's date, it is hereby **ORDERED** that:

1. As to Count I of the Amended Complaint, judgment is entered in favor of Plaintiffs and against Defendants to the extent that:

    a. 63 P.S. § 479.16(b) is declared unconstitutional on its face to the extent it permits the warrantless inspection of funeral establishments;

    b. 63 P.S. § 479.16(b) is declared unconstitutional as applied to Plaintiffs to the extent it permits the warrantless inspection of funeral establishments;

    c. Defendants are **ENJOINED**, in their official capacities, from enforcing 63 P.S. §479.16(b), and regulations and policies

       based thereon, to the extent it permits warrantless inspection of funeral establishments.

2. As to Count II of the Amended Complaint, judgment is entered in favor of Plaintiffs and against Defendants to the extent that:

    a. The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional on its face to the extent it limits the number of funeral establishments in which a funeral director may possess an ownership interest;

    b. The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional as applied to Plaintiffs to the extent it limits the number of funeral establishments in which a funeral director may possess an ownership interest; and

    c. Defendants are **ENJOINED**, in their official capacities, from enforcing the FDL, 63 P.S. § 479.1, *et seq*, and regulations and policies based thereon, insofar as they limit the number of funeral establishments in which a funeral director may possess an ownership interest.

3. As to Count III and Count IV of the Amended Complaint, judgment is entered in favor of Plaintiffs and against Defendants to the extent that:

   a. The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional on its face insofar as it prohibits individuals and entities who are not a licensed funeral director from owning or otherwise possessing an interest in a funeral establishment;

   b. The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional as applied to Plaintiffs to the extent it prohibits individuals and entities who are not a licensed funeral director from owning or otherwise possessing an interest in a funeral establishment; and

   c. Defendants are **ENJOINED**, in their official capacities, from enforcing the FDL, 63 P.S. § 479.1, *et seq*, and regulations and policies based thereon, to the extent they prohibit individuals and entities who are not a licensed funeral director from owning or otherwise possessing an interest in a funeral establishment.

4. As to Count V of the Amended Complaint, judgment is entered in favor of Plaintiffs and against Defendants to the extent that:

    a.    The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional on its face to the extent it restricts the number of funeral establishments at which a funeral director may engage in the profession of funeral directing;

    b.    The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional as applied to Plaintiffs to the extent it restricts the number of funeral establishments at which a funeral director may engage in the profession of funeral directing;

    c.    Defendants are **ENJOINED**, in their official capacities, from enforcing the FDL, 63 P.S. § 479.1, *et seq*, and regulations and policies originating therefrom, to the extent they restrict the number of funeral establishments at which a funeral director may engage in the profession of funeral directing.

5.    As to Count VI of the Amended Complaint, judgment is entered in favor of Plaintiffs and against Defendants to the extent that:

    a.    The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional on its face insofar as it restricts the number of funeral establishments at which a funeral director may serve as a supervisor;

    b.    The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional as applied to Plaintiffs to the extent it restricts the number of funeral establishments at which a funeral director may serve as a supervisor; and

    c.    Defendants are **ENJOINED**, in their official capacities, from enforcing the FDL, 63 P.S. § 479.1, *et seq*, and regulations and policies based thereon, to the extent they restrict the number of funeral establishments at which a funeral director may serve as a supervisor.

6.    As to Count VII of the Amended Complaint, judgment is entered in favor of Plaintiffs and against Defendants to the extent that:

    a.    63 P.S. § 479.7 is declared unconstitutional on its face to the extent it requires every funeral establishment to include a preparation room;

    b.    63 P.S. § 479.7 is declared unconstitutional as applied to Plaintiffs to the extent it requires every funeral establishment to include a preparation room; and

    c.    Defendants are **ENJOINED**, in their official capacities, from enforcing 63 P.S. § 479.7, and regulations and policies

originating therefrom, to the extent they require every funeral establishment to include a preparation room.

7. As to Count VIII of the Amended Complaint, judgment is entered in favor of Plaintiffs and against Defendants to the extent that:

   a. 63 P.S. § 479.7 is declared unconstitutional on its face to the extent it prohibits service of food in a funeral establishment;

   b. 63 P.S. § 479.7 is declared unconstitutional as applied to Plaintiffs to the extent it prohibits service of food in a funeral establishment; and

   c. Defendants are **ENJOINED**, in their official capacities, from enforcing 63 P.S. § 479.7, and regulations and policies based upon the same, to the extent they prohibit service of food in a funeral establishment.

8. As to Count IX of the Amended Complaint, judgment is entered in favor of Plaintiffs and against Defendants to the extent that:

   a. The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional on its face to the extent it prohibits a funeral director or funeral establishment from using any lawful and non-misleading name;

      b.    The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional as applied to Plaintiffs to the extent it prohibits a funeral director or funeral establishment from using any lawful and non-misleading name; and

      c.    Defendants are **ENJOINED**, in their official capacities, from enforcing the FDL, 63 P.S. § 479.1, *et seq*, and regulations and policies based thereon, to the extent they prohibit a funeral director or funeral establishment from using any lawful and non-misleading name.

9.    As to Count XI of the Amended Complaint, judgment is entered in favor of Defendants and against Plaintiffs.

10.    As to Count XII of the Amended Complaint, judgment is entered in favor of Plaintiffs and against Defendants to the extent that:

      a.    The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional on its face insofar as it prohibits a funeral director or funeral establishment from possessing an ownership interest in an entity which operates and trusts pursuant to 63 P.S. § 480.1, *et seq*;

    b.    The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional as applied to Plaintiffs to the extent it prohibits a funeral director or funeral establishment from possessing an ownership interest in an entity which operates and trusts pursuant to 63 P.S. § 480.1, *et seq*; and

    c.    Defendants are **ENJOINED**, in their official capacities, from enforcing the FDL, 63 P.S. § 479.1, *et seq*, and regulations and policies originating therefrom, to the extent they prohibit a funeral director or funeral establishment from possessing an ownership interest in an entity which operates and trusts pursuant to 63 P.S. § 480.1, *et seq*.

    d.    Judgment is also entered in favor of Plaintiffs Bart H. Cavanagh and against Defendants in their individual capacities as to liability only.

11.    As to Count XIII of the Amended Complaint, judgment is entered in favor of Plaintiffs and against Defendants to the extent that:

    a.    The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional on its face insofar as it prohibits a funeral director or funeral establishment from paying a commission or other gratuity to an

   employee or agent for soliciting or securing business or for business secured;

  b. The FDL, 63 P.S. § 479.1, *et seq*, is declared unconstitutional as applied to Plaintiffs to the extent it prohibits a funeral director or funeral establishment from paying a commission or other gratuity to an employee or agent for soliciting or securing business or for business secured; and

  c. Defendants are **ENJOINED**, in their official capacities, from enforcing the FDL, 63 P.S. § 479.1, *et seq*, and regulations and policies based thereon, to the extent they prohibit a funeral director or funeral establishment from paying a commission or other gratuity to an employee or agent for soliciting or securing business or for business secured.

12. The Clerk of Court is instructed to **CLOSE** the file on this case.

13. The Clerk of Court is further instructed to **MAIL** copies of this memorandum and order to the following individuals:

  a. James D. Schultz, General Counsel of the Commonwealth of Pennsylvania. Governor's Office of General Counsel, 333 Market Street, 17th Floor, Harrisburg, Pa. 17101.

    b.    Honorable Dominic Pileggi, Senate Majority Leader, 350 Main Capitol Building, Harrisburg, Pa 17120.

    c.    Honorable Samuel Smith, Speaker of the House, 139 Main Capitol Building, PO BOX 202066, Harrisburg, Pa 17120.

                                            s/ John E. Jones III
                                            John E. Jones III
                                            United States District Judge